JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATIE E. BRISCOE (STATE BAR NO. 287629)
kbriscoe@orrick.com
ALEXANDRA GUERRA (STATE BAR NO. 319412)
aguerra@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: +1 916 447 9200
Facsimile:    +1 916 329 4900

Attorneys for Defendant
US FOODS, INC.

[*COUNSEL FOR PLAINTIFF ON NEXT PAGE*]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY SANDOVAL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>US FOODS, INC., dba US FOODSERVICE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00423-TLN-CKD<br><br>**STIPULATION AND PROTECTIVE ORDER RE USE OF CONFIDENTIAL MATERIAL** |

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Roman Shkodnik (SBN 285152)
3  roman@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  Attorneys for Plaintiff RUDY SANDOVAL,
   on behalf of himself and others similarly situated

Plaintiff Rudy Sandoval and Defendant US Foods, Inc., by and through their counsel of record, hereby stipulate and agree that the terms and conditions of this Stipulated Protective Order shall be applicable to and govern depositions, documents, and other tangible things produced in the above-captioned action, including documents and information produced in response to requests for production, answers to interrogatories, responses to requests for admissions, and all other discovery taken in the Action or produced in connection with the Action by a third-party witness who designates the production as confidential hereunder.

1. <u>Designations of Confidential Materials</u>.  Any party or non-party to this Action (hereinafter a "Designating Party" and "Designating Non-Party," respectively) shall have the right to designate as "CONFIDENTIAL" any document produced in this Action that the Designating Party or Designating Non-Party considers in good faith to contain personal, financial, trade secret and/or proprietary information protectable from public disclosure ("Confidential Material").  Such information may be subject to limitations on disclosure due to privacy and intellectual property rights under federal and state laws.  Any designations of Confidential Material determined by the Court to have been improper and not in good faith may be subject to sanctions.

Pursuant to Local Rule 141.1(c)(1), confidential Material may include (i) personal and private information related to Plaintiff or third-party non-litigants; (ii) financial information related to Plaintiff or third-party non-litigants; (iii) Defendant's financial performance information; (iv) Defendant's cost of doing business information or information regarding company strategies; and (iv) proprietary information.  Pursuant to Local Rule 141.1(c)(2), there is a need to protect these categories of information because parties and non-parties have a right to privacy in sensitive and personal information such as medical and financial information under the California and Federal constitutions.  Additionally, a party's trade secret, confidential, competitive, or proprietary information could be abused if its use were not limited to this lawsuit.  For example, competitor companies could take advantage of a party's financial information, research development, technical information and specification, customer information, or other proprietary information and processes if they were made public.  In some cases, disclosure of this

type of information could breach confidentiality agreements or violate privacy laws. Further, disclosure of information related to the security features of a party's products or services could undermine the party's ability to investigate the infringement of its products or property. Pursuant to Local Rule 141.1(c)(3), the need for protection should be addressed by a court order because this Stipulated Protective Order provides mechanisms for the resolution of disputes and the handling of evidence that involve the Court.

2. <u>Restriction on Disclosure of Confidential Material</u>. No Confidential Material shall be disclosed to any person or entity except as set forth in this Order. Persons obtaining access to Confidential Material under this Order shall use the information solely for the purpose of litigating this Action, and shall not use any such information for any other purpose in any manner or degree at any time, including but not limited to its use in any business, commercial or economic activity. The restrictions on use of Confidential Materials set forth in this Order shall survive the conclusion of this matter, and, after conclusion of this matter, the Court shall retain jurisdiction for the purpose of enforcing this Order.

No Confidential Material will be disclosed to any person who is required under the terms of this Order to execute a non-disclosure agreement, the form of which is attached hereto as Attachment 1, unless and until such person executes the non-disclosure agreement. If the person refuses to sign such non-disclosure agreement, any party may seek judicial assistance to compel that person to be bound by the terms of this Order.

3. <u>Marking of Confidential Material</u>. Documents that any party wishes to protect against unauthorized disclosure or use as Confidential Material shall be marked by placing the following legend on the documents: "CONFIDENTIAL".

   (a)   <u>Request For Production of Documents</u>: In the case of documents produced pursuant to a Request for Production of Documents, by stamping or writing "CONFIDENTIAL" on the front of any document before production. In the event a document is unable to be labeled CONFIDENTIAL on each page, including but not limited to any native file format documents, a party may include "CONFIDENTIAL" in the file name, which will suffice to designate such documents Confidential under the terms of this Order.

    (b) <u>Responses to Interrogatories and Requests for Admissions</u>:  In the case of responses to Interrogatories and Requests for Admissions, by stamping or writing on the front of any set of responses the phrase "CONTAINS CONFIDENTIAL INFORMATION".

    (c) <u>Depositions</u>:  Portions of deposition transcripts and documents produced at deposition may be designated "CONFIDENTIAL" either (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "CONFIDENTIAL", or (b) a party will have thirty (30) days after receipt of the deposition transcript to inform the other party of the portions of the transcript to be designated Confidential.  Pending the expiration of thirty (30) days after notice of preparation of the deposition transcript, all parties shall treat the transcript as if it has been designated as Confidential Material.  If no such designation is made within thirty (30) days, the transcript shall be considered not to contain any confidential information subject to this Order.

    The Designating Party has the right to have all persons, except the deponent and his or her counsel, the named parties, counsel of record for named parties, the court reporter, and such other persons as are permitted under Paragraphs 5 and 6 herein, excluded from a deposition, or any portion thereof before the taking of testimony which the Designating Party designates as "CONFIDENTIAL" under this Order.

    (d) <u>Nonparty Production</u>: A nonparty may designate as "CONFIDENTIAL" documents or discovery materials produced by a nonparty at the time of production.  A party may designate as "CONFIDENTIAL" documents or discovery materials produced by a nonparty by providing written notice to all parties of the relevant document numbers or the identification within thirty (30) days after receiving such documents or discovery materials.

  4. <u>Filing Designated Materials</u>:  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material.  A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 141.

  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to the request to seal.  The designation of documents (including

1  transcripts of testimony) as CONFIDENTIAL pursuant to this order does not automatically entitle
2  the parties to file such a document with the court under seal.  A request to seal material must
3  normally show that "compelling reasons" support secrecy; however, where the material is, at
4  most, "tangentially related" to the merits of a case, the request to seal may be granted on a
5  showing of "good cause."  *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096–1102
6  (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

      5.      <u>Access to "CONFIDENTIAL" Material</u>.  Disclosure of materials designated "CONFIDENTIAL" for the purpose of conducting this litigation may be made only as follows:

    (a)    to the named parties to this action;

    (b)    to any directors or officers or employees of Defendant;

    (c)    to counsel of record and their employees;

    (d)    to persons requested by counsel of record to assist in conducting this litigation;

    (e)    to any person not included in (a) through (d) above whose testimony during these proceedings is obtained or sought;

    (f)    to the Court (and its officers), as set forth in paragraphs 4 and 5 of this Order; and

    (g)    any expert witness.

No disclosure shall be made to any person or entity specified in paragraph 5(d), 5(e) and/or 5(g) until such person or entity to whom Confidential Materials are disclosed executes the non-disclosure agreement attached hereto as Attachment 1.

      6.      <u>Disclosure of Confidential Materials to Deponents or Witnesses</u>.  A deponent or witness may, during a deposition or trial, be shown and be examined about information so designated as "CONFIDENTIAL," or any part of portion thereof, if the deponent or witness: (i) appears as the author or as an addressee on the face of the document; (ii) or previously rightfully obtained knowledge of the document containing the information; (iii) or previously rightfully learned the information contained therein; (iv) or the procedures as set forth in paragraph 5 above have been followed and the deponent or witness has executed the non-disclosure agreement attached hereto as Attachment 1; (v) or a current employee or agent of the Designating Party provided that counsel taking the deposition shall first disclose the Confidential Material to

counsel for the Designating Party outside of the presence of the witness.

With the exception of expert witnesses (otherwise subject to the terms of this Order), such deponent or witness may NOT retain any Confidential Materials or copies thereof.

7. <u>Procedure for Seeking/Prohibiting Additional Disclosures</u>.  Prior to any disclosure of material designated "CONFIDENTIAL," other than as provided in paragraphs 2, 4, 5, and 6 herein, counsel desiring to make such a disclosure shall provide written notice to counsel for the Designating Party of its intent to make the disclosure, stating therein the specific material to be disclosed and the name, address, and position of the person to whom the disclosure is being made. If the Designating Party objects to the disclosure, the party seeking the additional disclosure must file a motion with the Court to disclose the Confidential Material outside the scope of this Order. The party or third party asserting the Confidential designation as to any discovery material shall have the burden of justifying that designation consistent with California law.  Until the Court rules on the motion, the Confidential Materials shall not be disclosed.

8. <u>Limitation Upon Scope of Order</u>.  Nothing contained in this Order shall affect the right of any Designating Party to disclose or use for any purpose the documents or information it produced and designated as "CONFIDENTIAL."  This Order shall not limit or affect the rights of any party to use or disclose any material or thing that has not been obtained through, or derived as a result of, this Action.

9. <u>Procedure for Declassification/Modification of Order/Objection to Designation</u>. No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.  Any party wishing to challenge the designation of Confidential Material shall provide the Designating Party with written notification which shall clearly specify each such document or item of information and the specific reason(s) for the challenge to the designation.  Thereafter, the parties shall make a good faith effort to resolve any dispute they may have as to the propriety of the designation.  No motion may be brought seeking de-designation of Confidential Information until at least fifteen

(15) days after such notice has been received by the Designating Party. If such motion is brought, the Designating Party shall have the burden of establishing that the designated material is entitled to confidential protection.

10. <u>No Effect on Admissibility</u>. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

11. <u>Disposition of Designated Materials at the End of Case</u>. Within sixty (60) days of the final adjudication (including any appellate proceedings) or other final deposition of the claims at issue herein, and unless otherwise agreed in writing by an attorney of record for the Designating Party, counsel for each party shall either (a) assemble and return all designated material in its possession, including all copies thereof, other than material permitted by the prior sentence to be retained by counsel of record, to the party or third party witness from whom the designated material was obtained, or (b) certify in writing that all such material has been destroyed. The producing party shall acknowledge in writing the receipt of the returned material.

12. <u>No Waiver</u>. Neither the review of any Confidential Material by counsel, witnesses, deponents, experts, or consultants in this litigation nor the inadvertent, unintentional, or in camera disclosure thereof, nor the filing or lodging of any such information under seal as set forth above, shall, under any circumstances or in any manner or degree at any time, be deemed to be a waiver, in whole or in part, of (a) the Designating Party's contentions of confidentiality or objections to production of any of the information so designated as "CONFIDENTIAL", or (b) any opposing party's contentions or objections that any particular information so designated as "CONFIDENTIAL" is in fact not Confidential Material.

In addition, nothing herein shall be deemed to waive any applicable privilege or work product protection, the constitutional privacy rights of third parties, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work

product protection.

13.     <u>Inadvertent Failure to Designate Confidential Material</u>.  To the extent not inconsistent with Paragraph 3 herein, this paragraph shall govern material inadvertently not initially designated "CONFIDENTIAL."  The initial failure to designate Confidential Material in accordance with this Order shall not preclude any party or third party, at a later date, from designating any material "CONFIDENTIAL."  In the event of an inadvertent failure to designate Confidential Material, the producing party may provide written notice to counsel of record for the receiving party or parties that the material is to be designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order.  Upon receipt of such notice, the receiving party shall thereafter treat the material as "CONFIDENTIAL," shall restrict the disclosure or use of such material to only those persons qualified pursuant to this Order, and, if such material has previously been disclosed to persons not qualified pursuant to the Order, shall take reasonable steps to obtain all such previously disclosed material, advise such persons of the claims of the confidentiality, and obtain the appropriate non-disclosure agreement attached hereto as Attachment 1.

14.     Pursuant to Federal Rule of Evidence 502, the producing Party shall have the right to "claw back" (i.e., have returned from the receiving Party) any information disclosed in connection with the litigation of this case which contain information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or immunity ("Disclosed Protected Information").  The disclosure of any Disclosed Protected Information shall not be deemed a waiver or forfeiture of any claim of privilege that the producing Party would be entitled to assert with respect to the Disclosed Protected Information and its subject matter.  The producing Party must exercise its rights under this Paragraph by providing a written notice to the receiving Party that the producing Party is invoking its right to claw back such documents and identifying the documents to be returned.  Upon receipt of such written notice, the

receiving Party shall immediately cease any use, whatsoever, of such documents.  Within ten (10) days of receiving such written notice, the receiving Party shall either (a) provide to the producing Party a written confirmation that all Disclosed Protected Information has been returned or destroyed, or (b) move to compel the production of Disclosed Protected Information.  Any such motion may not assert as a ground for entering such an order the fact or circumstances of the disclosure.  Nothing in this Paragraph limits the right of any party to petition the Court for in camera review of the documents as issue in such a motion.

15. <u>Duration of Order</u>.  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the court.

Dated: June 16, 2020  
JOSEPH C. LIBURT  
KATIE E. BRISCOE  
ALEXANDRA GUERRA  
Orrick, Herrington & Sutcliffe LLP

By: */s/ Katie E. Briscoe*  
KATIE E. BRISCOE  
Attorneys for Defendant  
US FOODS, INC.

Dated: June 16, 2020  
ROMAN SHKODNIK  
DAVID YEREMIAN  
NATALIA BERMUDES  
David Yeremian & Associates, Inc.

By: */s/ Roman Shkodnik (as authorized June 16, 2020)*  
ROMAN SHKODNIK  
Attorneys for Plaintiff  
RUDY SANDOVAL

**ORDER**

IT IS SO ORDERED, with the following amendments and clarifications:

1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: July 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.423.spo

ATTACHMENT 1

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of RUDY SANDOVAL v. US FOODS, INC., Case No. 2:20-cv-00423-TLN-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4149-7169-6421.1

10

STIPULATED PROTECTIVE ORDER
[CASE NO. 2:20-CV-00423-TLN-CKD]